TALIAFERRO, Judge.
On September 19, 1950, defendant, E. J. Davidson, doing business under the trade-name of E. J. Davidson Esso Service, issued his check for Two Hundred Seventy-Five and No/100 ($275.00) Dollars, on Central Savings Bank and Trust Company in the City of West Monroe, Louisiana,, in favor of K. Holleman, which, after being endorsed by Holleman, was acquired by the plaintiff. Payment of the check was stopped by defendant and this suit followed.
Plaintiff alleged that he is the holder, for value, of said check, and that he accepted it in good faith from Holleman as part of the purchase price of an automobile sold by him to said Holleman.
Defendant denies liability on the check, in support of which position, he avers: That on September 18th said Holleman offered to sell to him a Buick car then in Holleman’s possession; and that respondent said to him that he would do so if he "could furnish him with a title certificate or a title to the Buick” ; that on the following day said Buick car was at an automobile auction in West Monroe offered for sale, and defendant bought the same for Two Hundred Seventy-Five and No/100 ($275.00) Dollars; that he, at the time, informed Holleman and the auctioneer, Clarence Spurlock, that he would not take the car “unless and until Holleman could furnish a good title to it”; that the check was then and there signed and delivered to Spurlock to pay for the car with instructions not to turn same over to Holleman until he “received the title for the car”; that said Holleman could never furnish the title to the said car; that he, defendant, never accepted nor took possession of it, but allowed it to remain in or about the auction barn; that the day following sale of the car at auction, he learned that Spur-lock had delivered the check to Holleman and, he, therefore, had payment thereof stopped.
Defendant, in effect, pleads failure of consideration for the check on the ground that the sale was never consummated. He appealed from judgment in plaintiff’s favor, as by him prayed.
In his testimony, defendant is positive that he instructed Mr. Spurlock, the auctioneer, not to deliver the check to Mr. Holle-man until and unless he signed bill of sale of the Buick car unto him, produced act of sale thereof to him (Holleman), also 1949 and 1950 license receipts. Spurlock was not closely questioned with regard to the conditions, if any, out of the ordinary that defendant imposed upon him. He states that he followed the regular custom prevailing in such matters, viz.: took the purchaser’s check and delivered it to Holle-man when he signed the bill of sale to defendant.
If plaintiff has any ground for complaint against anyone, it is Spurlock, who, *282 at most, violated the agreement with him. But, even granting that such happened, the situation is such that little comfort may be gained therefrom by the defendant. There is not a suggestion nor insinuation that plaintiff had any knowledge whatever of any agreement between defendant and Spurlock with regard to the conditions under which the check was to be delivered to Holleman. Holleman, immediately following receipt of the check, proceeded to plaintiff’s place of business, not far away, and delivered it to him (as cash) on the price of a new car, paying the difference in price with his own check.
The testimony leaves no doubt that plaintiff is a holder in due course and for a valuable consideration. His situation is embraced within the requirements of a holder in due course, viz.:
The instrument is complete and regular upon its face. He became the holder of it before it was overdue. He took it in good faith and for value, and he had no notice whatever of any infirmity, if any, in the instrument, or defect in the title of the person who negotiated it to him.
For the reasons herein set forth, the judgment from which appealed, is affirmed with costs.